1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8

9    RICHARD L. SANCHEZ,                          CV F   01-5375 REC SMS HC

10                        Petitioner,            FINDINGS AND RECOMMENDATIONS
                                                 REGARDING AMENDED PETITION FOR
11          v.                                   WRIT OF HABEAS CORPUS

12                                               [Doc. 23]
     GALAZA, Warden,
13
                          Respondent.
14   _____/

15
16          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

17   pursuant to 28 U.S.C. § 2254.

                              PROCEDURAL BACKGROUND
18
19          Petitioner is a California Department of Corrections parolee released from confinement

20   on December 9, 2002, after serving concurrent sentences from separate criminal matters.

21   (Respondent's Exhibit A, attached to Answer.)

22          At a consolidated sentencing hearing on October 23, 1998, the Santa Clara County

23   Superior Court sentenced Petitioner to six years with 553 days of pre-sentence credits for

24   criminal case number 203501.  For case number 184859, the Superior Court sentenced Petitioner

25   to two years with 843 days of pre-sentence credits to be served concurrently.

26          This action is proceeding on the amended petition filed November 14, 2002.  (Court Doc.

27   23.)  Respondent filed an answer on January 8, 2004, and Petitioner filed a traverse on May 7,

28   2004.

                                              1

1                                        DISCUSSION

2    A.      Standard of Review

3            This Court may entertain a petition for writ of habeas corpus "in behalf of a person in

4    custody pursuant to the judgment of a State court only on the ground that he is in custody in

5    violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

6            The AEDPA altered the standard of review that a federal habeas court must apply with

7    respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v.

8    Taylor, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus

9    will not be granted unless the adjudication of the claim "resulted in a decision that was contrary

10   to, or involved an unreasonable application of, clearly established Federal law, as determined by

11   the Supreme Court of the United States;" or "resulted in a decision that was based on an

12   unreasonable determination of the facts in light of the evidence presented in the State Court

13   proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade,123 S.Ct.1166 (2003) (disapproving of

14   the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v.

15   Taylor, 120 S.Ct. 1495, 1523 (2000).  "A federal habeas court may not issue the writ simply

16   because that court concludes in its independent judgment that the relevant state-court decision

17   applied clearly established federal law erroneously or incorrectly."  Lockyer, at 1175 (citations

18   omitted).  "Rather, that application must be objectively unreasonable."  Id. (citations omitted).

19           While habeas corpus relief is an important instrument to assure that individuals are

20   constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392

21   (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a

22   criminal conviction is the primary method for a petitioner to challenge that conviction.  Brecht v.

23   Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993).  In addition, the state court's

24   factual determinations must be presumed correct, and the federal court must accept all factual

25   findings made by the state court unless the petitioner can rebut "the presumption of correctness

26   by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115

27   S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day,

28   110 F.3d 1380, 1388 (9th Cir. 1997).

                                                  2

1

B.      Application of Pre-Sentence Credits

2

Petitioner contends that his separate pre-sentence credits should be applied as a single

3

grant of pre-sentence credits totaling 1396 days.

4

A claim of state sentencing error does not raise a federal constitutional question for

5

federal habeas review.  See Lewis v. Jeffers, 497 U.S. 764, 783 (1990).  However, in the

6

sentencing context, a state violates a criminal defendant's due process right to fundamental

7

fairness only if arbitrarily deprives the defendant of a state law entitlement.  See Hicks v.

8

Oklahoma, 447 U.S. 343, 346 (1980).

9

Respondent recognizes that the California Department of Corrections did not combine

10

Petitioner's pre-sentence credits from the concurrent sentences and apply them against his period

11

of incarceration.  California Penal Code section 2900.5 provides for grants of pre-sentence time

12

credits for all days of custody.  Section 2900.5 provides in pertinent part:

13

14

15

16

17

18

19

20

21

(a) In all felony and misdemeanor convictions, either by plea or by verdict, when
the defendant has been in custody, including, but not limited to, any time spent in
a jail, camp, work furlough facility, halfway house, rehabilitation facility, hospital,
prison, juvenile detention facility, or similar residential institution, all days of
custody of the defendant, including days served as a condition of probation in
compliance with a court order, and including days credited to the period of
confinement pursuant to Section 4019, shall be credited upon his or her term of
imprisonment, or credited to any fine on a proportional basis, including, but not
limited to, base fines and restitution fines, which may be imposed, at the rate of
not less than thirty dollars ($30) per day, or more, in the discretion of the court
imposing the sentence.  If the total number of days in custody exceeds the number
of days of the term of imprisonment to be imposed, the entire term of
imprisonment shall be deemed to have been served.  In any case where the court
has imposed both a prison or jail term of imprisonment and a fine, any days to be
credited to the defendant shall first be applied to the term of imprisonment
imposed, and thereafter the remaining days, if any, shall be applied to the fine on a
proportional basis, including, but not limited to, base fines and restitution fines.

22

23

24

(d) It shall be the duty of the court imposing the sentence to determine the date or
dates of any admission to, and release from, custody prior to sentencing and the
total number of days to be credited pursuant to this section.  The total number of
days to be credited shall be contained in the abstract of judgment provided for in
Section 1213.

25

26

(e) It shall be the duty of any agency to which the person is committed to apply the
credit provided for in this section for the period between the date of sentencing
and the date the person is delivered to the agency.

27

///

28

3

It should be noted that Petitioner does not challenge the grant of pre-sentence credits under section 2900.5 by the superior court.  Thus, the question presented to this Court is whether the granted credits were correctly applied by the California Department of Corrections to his concurrent sentences.

Pursuant to a plea agreement, Petitioner pled guilty to possession of methamphetamine for sale and simple possession in case number 203501, and was sentenced to a total of 6 years in state prison, with a pre-sentence credit of 553 days.[1]  (Cal. Health & Safety Code §§ 11378, 11377(A); Respondent's Exhibit B & C, attached to Answer.)[2]  Petitioner further pled guilty to a violation of California Penal Code section 290(G)(2) for failing to register as a sex offender in case number 184859, and was sentenced to 2 years in state prison, with a pre-sentence credit of 843 days, to be served concurrently.  (Id.)

As Respondent correctly submits, in a case where concurrent sentences are imposed, the controlling case is the one that provides the longest term of incarceration.  Here, case number 184859 would provide no incarceration; therefore, Petitioner's release from prison was governed only by case number 203501.  More specifically, case number 184859 would provide for no incarceration because the pre-sentence credits exceeded the two-year term imposed.

Petitioner's desire to apply the pre-sentence credits from the non-controlling case to the controlling case is unfounded.   As set forth in section 2900.5, subdivision (b) "credit shall be given *only* where the custody to be credited is attributable to proceedings related to the same conduct for which the defendant has been convicted." (Italics added.)  Here, the conduct which resulted in Petitioner's probation violation for failing to register was not the same conduct which resulted in his conviction for possession of methamphetamine, although Petitioner's time in custody for each conviction overlapped.  When a period of custody is attributable to multiple offenses for which concurrent sentences are imposed, a defendant may be entitled to dual credit

---

[1]  There was an enhancement pursuant to California Penal Code § 12022.1. (Respondent's Exhibits B & C, attached to Answer.)

[2]  The superior court issued an Amended Abstract of Judgment (Respondent's Exhibit C) to correctly cite California Penal Code § 12022.1 as the basis for the sentencing enhancement under Count A-01.

1   for a single period of custody.  In re Joyner, 48 Cal.3d 487, 489 (1989); People v. Adrian, 191

2   Cal.App.3d 868, 875-876 (1987).  Dual credit entitled the defendant to apply the single period of

3   time in custody against each concurrent sentence.  Id.  Here, Petitioner's time in custody

4   overlapped and he was credited 553 days against his six year sentence for the methamphetamine

5   convictions and was credited with 843 days against his two years sentence on the failure to

6   register conviction.  Once custody was credited against the sentence for one of the crimes, it

7   became part of that sentence which prohibited its being credited against the sentence for another

8   crime.  See In re Marquez, 30 Cal.4th 14, 21 (2003).  As previously stated, application of the 843

9   days credit terminated Petitioner's two year sentence on the probation violation case.

10  Application of the 553 days credit to his six year sentence reduced it by almost one and one-half

11  years.  Although the sentences were ordered to be served concurrently, Petitioner completed the

12  probation violation conviction before it even began.  Therefore, the California Department of

13  Corrections was not authorized to reallocate the credits from Petitioner's shorter sentence to his

14  longer sentence and the petition for writ of habeas corpus must be denied.

15                                    RECOMMENDATION

16          Based on the foregoing, it is HEREBY RECOMMENDED that:

17          1.      The petition for writ of habeas corpus be DENIED; and

18          2.      The Clerk of Court be directed to enter judgment in favor of Respondent.

19          These Findings and Recommendations are submitted to the assigned United States

20  District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-

21  304 of the Local Rules of Practice for the United States District Court, Eastern District of

22  California.  Within thirty (30) days after being served with a copy, any party may file written

23  objections with the court and serve a copy on all parties.  Such a document should be captioned

24  "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections

25  shall be served and filed within ten (10) court days (plus three days if served by mail) after

26  service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to

27  28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the

28  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

1  F.2d 1153 (9th Cir. 1991).

2

3  IT IS SO ORDERED.

4  **Dated:** __**MAY 12, 2005**__                 _____**/s/ Sandra M. Snyder**_____
   icido3                                        UNITED STATES MAGISTRATE JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28